# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

|  |  |
|---|---|
| FRANCISCO FERRER GRANADOS, <br><br> Petitioner, <br><br> v. <br><br> WARDEN et al., <br><br> Respondents. | Case No. 5:26-cv-00670-AH-DFM <br><br> Order Granting in Part Petition for Writ of Habeas Corpus |

## I.  INTRODUCTION

On February 13, 2026, Petitioner Francisco Ferrer Granados ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). Pursuant to the Court's Order Requiring Response (Dkt. 4), Respondents filed a response. See Dkt. 6 ("Response").

For the reasons set forth below, the Petition is GRANTED in part.

## II.  BACKGROUND

Petitioner is a citizen of Mexico. See Petition ¶ 8.[1] Petitioner entered the United States without inspection on or about 1997 near San Ysidro, California. See id. ¶ 4. Petitioner has lived in the United States since 2008 or for the last

---

[1] The Petition repeats numbering as to paragraphs 1-21.

nearly thirty (30) years. See id. ¶¶ 3, 15. Petitioner has a stable job, family members in the United States, including a Lawful Permanent Resident wife and three U.S. citizen children, a petition pending through his wife, and no criminal convictions. See id. ¶ 19.

On December 16, 2025, Petitioner was taken into immigration custody while at a gas station. See id. ¶ 5. Officers approached Petitioner because he apparently matched the description of an individual they were targeting. See id. Petitioner was not that individual, but since he confirmed that he was residing in the United States unlawfully, he was taken into custody. See id. Respondents placed Petitioner in removal proceedings, alleging that he had entered the United States without inspection. See id. ¶ 6 (referencing 8 U.S.C. § 1182(a)(6)(A)(i)). Petitioner applied for Cancellation of Removal for Certain Non-Permanent Residents as the spouse of a Lawful Permanent Resident and the father of three U.S. citizen children, and for asylum, withholding of removal, and protection under the Convention Against Torture. See id. ¶¶ 7, 16. Petitioner is working with an immigration attorney and believes that he has strong claims for immigration relief. See id. ¶ 20.

Since December 15 or 16, 2025, Petitioner has been detained without bond at the Adelanto ICE Processing Center. See id. ¶¶ 5, 8. On one or two occasions, Petitioner requested review of his custody (i.e., a bond hearing) by an Immigration Judge (an "IJ"). See id. ¶ 9; Dkt. 9 (Respondents contending that Petitioner's March 5, 2026 request was his first). On January 7, 2026, the IJ denied Petitioner eligibility for bond because the IJ deemed Petitioner subject to mandatory discretion under 8 U.S.C. § 1225(b)(2) and determined that he lacked jurisdiction to issue a bond, invoking the Board of Immigration Appeals ("BIA")'s decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). See Petition ¶ 9. On March 19, 2026, the IJ again determined that

he lacked jurisdiction over Petitioner's request, citing Yajure Hurtado. See Dkt. 12-1.

Petitioner brings his Petition in part to seek enforcement of his rights as a member of the "Bond Eligible Class" certified in Maldonado Bautista v. Santacruz, No. 5:25-cv-1873, — F. Supp. 3d —, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), reconsideration granted in part, — F. Supp. 3d —, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), amended and superseded on reconsideration, — F. Supp. 3d —, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), final judgment entered, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). See Petition ¶¶ 46-50.

Petitioner argues he is being detained in violation of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq. and the Due Process Clause of the Fifth Amendment. See id. ¶¶ 51-65. Petitioner seeks a writ of habeas corpus requiring that Respondents release him within one (1) day or, alternatively, that Respondents release him from custody unless he is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days. See id. at 29-30 (Prayer for Relief). Petitioner also seeks declaratory relief and fees under the Equal Access to Justice Act. See id.

In their three-paragraph Response filed on March 4, 2026, Respondents do not contest the merits of the Petition. See generally Response. Rather, Respondents acknowledge that: (1) Petitioner appears to be a member of the "Bond Eligible Class" certified in Bautista; and (2) Petitioner's claim in this action appears to be subject to the Bautista judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it. See id.

On March 6, 2026, the Magistrate Judge ordered Respondents to show cause as to why Petitioner had not received a custody redetermination hearing before an IJ given his undisputed membership in the Bond Eligible Class. See Dkt. 7 ("OSC"). On March 9, 2026, Respondents responded to the OSC,

noting that Petitioner would need to request custody redetermination and that an Immigration Court generally does not have jurisdiction to sua sponte schedule and conduct bond hearings that are not requested by the non-citizen or otherwise scheduled within the immigration proceedings. See Dkt. 8. Shortly thereafter, Respondents filed a supplemental response to the OSC, noting that Petitioner submitted a request for bond on March 5, 2026, the Immigration Court processed the request on March 6, 2026, and Petitioner's bond hearing was scheduled for March 19, 2026. See Dkt. 9.

On March 17, 2026, the Magistrate Judge held a status conference. See Dkt. 11. Following a discussion with counsel, the Magistrate Judge continued the conference to March 24, 2026 to allow the March 19, 2026 bond hearing to go forward. See id. Per the Magistrate Judge's verbal order, Respondents filed a status report on March 23, 2026. See Dkt. 12. Respondents reported that the IJ denied Petitioner's request. See id.; Dkt. 12-1 (IJ determining a lack of jurisdiction over Petitioner's request, citing Yajure Hurtado). Respondents also "respectfully request[ed] that this Court issue an order for a bond hearing to be held within 7 days, in compliance with 8 U.S.C. §1226[(]a[)] or, if such hearing is not held, that petitioner be released." See Dkt. 12.

## III.   DISCUSSION

The core question—to the extent there is one given Respondents' acknowledgments and requests—is whether Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) or discretionary under 8 U.S.C. § 1226(a). The key difference is that § 1226(a) provides the discretion to release detainees on bail or conditional parole, while § 1225(b)(2) mandates detention throughout the completion of removal proceedings, so long as the noncitizen— "who is an applicant for admission" and "seeking admission"—is not deemed "clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A); see also Jennings v. Rodriguez, 583 U.S. 281, 302 (2018) ("In sum, §§ 1225(b)(1) and

4

(b)(2) mandate detention of [noncitizens] throughout the completion of applicable proceedings.").

Petitioner contends that his detention is governed by § 1226(a). See, e.g. Petition ¶ 41. The Court agrees. Substantial ink has been spilled on the question of detention under § 1225(b)(2) versus § 1226(a) in recent months. "The vast majority of courts confronting this precise issue have rejected respondents' interpretation, and the BIA's interpretation in Hurtado, as contradictory to the plain text of § 1225." Amaya v. Bondi, No. 25-16428, 2025 WL 3033880, at *2 (D.N.J. Oct. 30, 2025) (collecting cases); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498-508 (5th Cir. 2026) (reaching a different interpretation over a dissent). This Court agrees with the "overwhelming majority." Salgado v. Mattos, No. 25-01872, 2025 WL 3205356, at *2 (D. Nev. Nov. 17, 2025).

In Jennings, the Supreme Court stated that § 1225(b) "applies primarily to [noncitizens] seeking entry into the United States" whereas § 1226 "applies to [noncitizens] already present in the United States." 583 U.S. at 288-89, 297, 303. Because Petitioner was a noncitizen "already present in the United States" when he was apprehended, Petitioner's detention is proper under § 1226, not § 1225. See id. Considering the Supreme Court's prior distinction, the Court finds it unnecessary to engage in an extended independent reading of the provisions at issue. See Yarleque v. Noem, No. 25-02836, 2025 WL 3043936, at *8 (C.D. Cal. Oct. 31, 2025) ("Given that this Court is bound by the Supreme Court decision in Jennings, the Court need go no further and need not independently determine whether this distinction is a proper reading of the statute.").

As indicated above, this Court's determination is in accord with numerous decisions of other courts who have analyzed the statutes at issue, discussed longstanding agency practice, found the BIA's new reading to be

5

erroneous, and granted similar habeas petitions. See, e.g., Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243, at *4 (E.D. Penn. Nov. 18, 2025) ("Once again, of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here.").

Moreover, it appears that Respondents are precluded from relitigating whether "Bond Eligible Class" members—such as Petitioner—are entitled to the relief provided in the Bautista final judgment. See, e.g. Inzuna v. Warden, — F. Supp. 3d —, 2026 WL 233211, at *2-*3 (C.D. Cal. Jan. 27, 2026) (concluding the same). The Bautista final judgment—which remains in effect in this District—declared that "Bond Eligible Class members are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista, 2025 WL 3678485, at *1.

Petitioner, a "Bond Eligible Class" member, is entitled to the relief provided in the Bautista final judgment and the procedural protections that § 1226(a) provides, including a bond hearing. See, e.g., Demirel, 2025 WL 3218243, at *5 ("I will order [Respondent] to afford [Petitioner] the procedural protections that § 1226(a) provides: a bond hearing before an IJ and an appeal to the BIA should the IJ deny bond."); Hernandez-Luna v. Noem, No. 25-1818, 2025 WL 3102039, at *4-5 (D. Nev. Nov. 6, 2025); see also Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022) ("Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions.").

Considering the Court's decision to grant habeas relief on Petitioner's INA contentions, the Court finds it unnecessary to engage in an extended

analysis of Petitioner's Due Process claim. <u>See</u> <u>Demirel</u>, 2025 WL3218243, at *5 (declining to address, <u>inter</u> <u>alia</u>, due process contentions).

Consistent with recent practice in this District, the Court will order Petitioner's release if he is not provided with a bond hearing under § 1226(a) within seven (7) days. <u>See, e.g.</u>, <u>Engonga v. Noem</u>, No. 5:25-cv-03479-FWS-MAA, 2025 WL 3764077, at *3 (C.D. Cal. Dec. 23, 2025) ("The court agrees with Respondents' assessment that 'Courts in this District have generally ordered in similar cases' that a bond hearing be held within 7 days.").

In light of the foregoing, the Petition is GRANTED in part.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that the Petition is GRANTED in part. Respondents are ordered to arrange for Petitioner to receive an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven (7) days, with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond. Respondents are ordered to release Petitioner from custody if Petitioner is not timely provided with the aforementioned hearing.

The parties are ordered to file a status report within ten (10) days detailing if and when the hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for denial.

//
//
//
//
//
//
//

The Court will issue Judgment consistent with this Order. Any fee petition must be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. The Court retains jurisdiction to adjudicate any collateral enforcement issues.

Dated: MARCH 25, 2026

_____
ANNE HWANG
United States District Judge

Presented by:

 /s/ Douglas F. McCormick
DOUGLAS F. McCORMICK
United States Magistrate Judge