## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00670-AH-DFM | Date: | April 7, 2026 |
|---|---|---|---|
| Title | Francisco Ferrer Granados v. Warden et al | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Court Reporter |
| Deputy Clerk | Not Present |
| Attorney(s) for Petitioner(s): | Attorney(s) for Respondent(s): |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order to Show Cause**

On February 13, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). On March 25, 2026, the District Judge partially granted the Petition and ordered Respondents to arrange for Petitioner to receive an individualized bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a) within seven days, with instructions that the IJ has jurisdiction under § 1226(a) to consider release on bond. See Dkts. 14-15. The Court retained jurisdiction to adjudicate collateral enforcement issues. See Dkt. 15.

Per the Court's Order, the parties filed status reports regarding the outcome of Petitioner's bond hearing. Respondents report that the IJ timely held a hearing on March 31, 2026, and denied Petitioner's request for a change in custody status after finding that Petitioner "failed to meet his burden to establish that he is not such a significant risk of flight that no amount of bond or alternatives to detention would be sufficient to mitigate it." Dkt. 16. In a separately filed Status Report, Petitioner contests the constitutionality of the bond hearing, arguing that the IJ failed to appropriately apply the correct legal standards and/or failed to properly weigh the evidence in a manner that amounts to a Due Process violation. See Dkt. 17. The District Judge referred the parties' status reports to me for ruling/processing. See Dkt. 18.

First, though Petitioner asserts that he submitted his status report "in support of his pending Petition for Writ of Habeas Corpus," see Dkt. 17 at 2, the Court notes that the Petition is no longer pending. See Dkt. 15 (Court's Judgment granting in part the Petition and directing the Clerk to close this matter). While the District Court retained jurisdiction to adjudicate collateral enforcement issues, Petitioner has not moved to enforce the judgment. Rather, Petitioner filed a "Status Report" in which he appears to assert new habeas claims. See Dkt. 17.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

This Court is unaware of any authority that would allow it to consider Petitioner's new claims at this procedural posture. To the extent Petitioner wants to pursue those potential claims, the mechanism to do so would be via a newly filed habeas petition under 28 U.S.C. § 2241.

Accordingly, **Petitioner is ORDERED TO SHOW CAUSE within seven (7) days of the date of this Order as to the authority under which purports to proceed at this procedural posture on his new claims regarding the constitutionality of his March 31, 2026 bond hearing.** The Court will construe the filing of a notice that Petitioner has filed (or intends to file) a new habeas petition as sufficient to discharge this Order.